REDMANN, Judge.
We grant certiorari and reverse, on application of a curator ad hoc for a nonresident spouse, a trial court’s overruling of an exception to venue.
The husband, a resident of Rapides parish, had obtained a judicial separation in Jefferson when the wife was domiciled there over two years earlier. His present petition to the Jefferson court alleges that the wife is domiciled in Texas and that the matrimonial domicile was in Orleans parish.
La.C.C.P. 3941 places nonwaivable venue for an action for separation or divorce “in a parish where either party is domiciled, or in the parish of the last matrimonial domicile ... and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity.” The trial judge reasoned that the action for divorce, based on living separate and apart for a specified time after judgment of separation, was part of a “continuous, ongoing proceeding” that began with the filing of the action for separation: and, because venue is determined as of the time of filing, venue therefore was proper for the whole proceeding, both separation and divorce. We recognize the merit of that reasoning, but we conclude that the Legislature has rejected it.
When the 1960 Code of Civil Procedure was enacted to replace the 1870 Code of Practice, companion legislation amended many other statutes. Acts 1960 No. 31’s title showed its purpose was to amend specified laws to “implement” the new procedural Code. Act 31 amended R.S. 9:302 to delete its former provision that one judicially separated could obtain a divorce “from the same court” a year later. This amendment evidently intended to substitute for that “same court” rule the Code of Civil Procedure’s venue rule in art. 3941, allow *777 ing suit only at a spouse’s domicile or at the matrimonial domicile.
Reversed.