470 So.2d 634 (1985)
Beverly Jackson FRANKLIN
v.
Wilbur James FRANKLIN.
No. CA 84 1441.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*635 A. Edward Hardin, Baton Rouge, for plaintiff-appellee Beverly Jackson Franklin.
*636 Otha C. Nelson, Sr., Baton Rouge, for defendant-appellant Wilbur James Franklin.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
These are actions by a husband seeking to annul a judgment of divorce and to obtain custody of his five minor children.

FACTS
On December 2, 1967, Beverly Jackson Franklin and Wilbur Franklin were married in East Baton Rouge Parish, where they maintained their matrimonial domicile. Five children were born of the marriageEric (May 5, 1968), Orlando (January 8, 1975), Wyetta (August 8, 1978), and Danielle and Raenelle (October 24, 1980).
On March 17, 1982, Mrs. Franklin filed a petition for separation in which she sought custody of the five children, child support of $750 per month, alimony of $400 per month, occupancy of the family home and termination and partition of the community. On March 23, 1982, Mr. Franklin, through his attorney, Emile Weber, filed an answer and reconventional demand seeking a separation, custody of the five children and occupancy of the family home. Mrs. Franklin filed an answer to the reconventional demand on March 26, 1982.[1]
On February 7, 1983, Mrs. Franklin filed a request for a temporary restraining order to keep Mr. Franklin from harassing her, to prevent him from alienating community property and for temporary alimony and child support, custody of the children and occupancy of the family home. A rule was fixed for February 24, 1983.[2] At the hearing, Mr. Franklin was represented by attorney Richard Langford. The trial court rendered judgment ordering reciprocal injunctions, awarding joint custody, granting Mr. Franklin use of the family home and ordering Mr. Franklin to pay $250 per month as alimony pendente lite. Written judgment was signed on March 3, 1983.[3]
On August 2, 1983, Mrs. Franklin filed a rule for contempt and to make past due alimony executory. Service of this pleading was through Mr. Franklin's counsel, Mr. Langford. A hearing was set for August 18, 1983, but it was passed because the parties entered a consent judgment.[4]
On August 11, 1983, the trial court rendered judgment on the merits granting a separation to Mrs. Franklin, granting Mr. Franklin use of the home, awarding joint custody with Mr. Franklin having physical custody during the school year and Mrs. Franklin having physical custody during the summer months, and ordering Mr. Franklin to pay $250 per month as alimony and $300 per month child support during the summer months. Written judgment was signed on August 22, 1983.[5] On August 29, 1983, Mr. Franklin, through his attorney, Mr. Weber, filed a motion for a new trial and/or rehearing from this judgment. A hearing was held on September 13, 1983, and the motion was denied.
On January 25, 1984, Mrs. Franklin filed a petition seeking a divorce, sole custody of the children, $250 per month as alimony, $400 per month as child support and $2,000 past due alimony. This petition was filed in the same suit record as the separation suit. Service of this pleading was requested on Mr. Franklin through his attorney, Mr. Weber. On motion of Mrs. Franklin, a preliminary default was entered on February 14, 1984. The default was confirmed on February 27, 1984, and a written judgment was signed granting Mrs. Franklin a final divorce, sole custody of the five children, *637 child support of $400 per month, alimony of $250 per month and past due alimony of $2,500 (which was made executory). On March 8, 1984, Mr. Franklin, through his attorney, Mr. Weber, filed an application for a rehearing and/or new trial from this judgment.
On April 4, 1984, the trial court granted a motion by Mr. Weber allowing him to withdraw as counsel for Mr. Franklin.
On May 30, 1984, Mr. Franklin, through his new attorney, Otha Curtis Nelson, Sr., filed a petition seeking to annul the judgment of divorce rendered February 27, 1984, because he was never personally cited or served with the original petition for divorce. Mrs. Franklin filed an answer and a rule seeking past due alimony and child support. On July 9, 1984, the trial court rendered judgment dismissing the action for nullity.
On August 7, 1984, Mr. Franklin, through his attorney, Mr. Nelson, filed a motion to refix a hearing on his application for a rehearing and/or new trial from the February 27, 1984 judgment. He also sought permission to proffer testimony for appellate purposes relative to the trial court's judgment dismissing his action for nullity. A hearing on this matter was held on August 20, 1984. The trial judge refused to allow a proffer of testimony by Mr. Franklin, but did allow evidence concerning custody of the children. Judgment was rendered awarding sole custody of the oldest child, Eric, to Mr. Franklin and sole custody of the remaining children to Mrs. Franklin, continuing alimony pendente lite as previously set and reducing child support by $100 per month. On September 4, 1984, written judgment was signed dismissing Mr. Franklin's action for nullity, dismissing his motion to refix a hearing on an application for rehearing and/or new trial and to proffer testimony, granting sole custody of Eric to Mr. Franklin and sole custody of the remaining children to Mrs. Franklin, and ordering Mr. Franklin to pay child support of $300 per month. From this judgment, Mr. Franklin has taken this devolutive appeal.

ACTION IN NULLITY
Mr. Franklin seeks to have the judgment of divorce rendered against him annulled because he was never served with process and did not enter a general appearance.[6] La.C.C.P. art. 2002. The trial court dismissed this action, finding that Mr. Franklin had been properly served through his counsel of record, Emile Weber. Mr. Franklin contends on appeal that this service was improper and insufficient.
La.C.C.P. art. 1312 provides that "every pleading subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is applicable." La.C.C.P. art. 1314 provides, in pertinent part, as follows:
A pleading which is required to be served, but which may not be mailed or delivered under Article 1313, shall be served by the sheriff, either on the adverse party ... or personally on the counsel of record of the adverse party.
Personal service on a partner or office associate of a counsel of record, in the office of such counsel of record shall constitute valid service under this article.
Sufficiency of the service of process on a party's counsel of record depends on whether the court has jurisdiction over that person. Imperial v. Hardy, 302 So.2d 5 (La.1974). If the court has jurisdiction, then service upon his counsel of record was proper. Imperial, 302 So.2d at 7; Webb v. Webb, 357 So.2d 1288 (La.App. 3rd Cir. 1978).
In the present case, no issue was raised concerning the court's jurisdiction.[7] The only issue is whether Mr. Weber was Mr. Franklin's counsel of record at the time the petition for divorce was served. The *638 burden is upon the party attacking service to establish otherwise by "clear and convincing" evidence. Samrow v. Samrow, 428 So.2d 547 (La.App. 4th Cir.1983).
Mrs. Franklin requested the petition for divorce be served on Mr. Franklin through his attorney, Mr. Weber. There is no evidence of record indicating that Mr. Weber was not served on behalf of Mr. Franklin. Mr. Franklin failed to offer the sheriff's return nor did he call the person making service to prove that service was not made upon Mr. Weber.
During the separation proceedings, Mr. Franklin was represented by two attorneysMr. Weber and Mr. Langford. On behalf of Mr. Franklin, Mr. Weber filed an answer and reconventional demand, a rule for a new trial and/or rehearing from the judgment of separation and an application for rehearing and/or new trial from the judgment of divorce. Mr. Langford appeared as counsel for Mr. Franklin at hearings on matters incidental to the separation suit and also signed the judgment of separation.
Although there is no evidence of record that Mr. Weber and Mr. Langford are partners or office associates, their office addresses for service of pleadings are the same. Further, Mr. Weber filed the last pleading on behalf of Mr. Franklin (rule for new trial and/or rehearing from the judgment of separation) before the petition of divorce was filed. Finally, Mr. Weber did not withdraw as counsel for Mr. Franklin until after he filed an application for rehearing and/or new trial from the judgment of divorce, a point in time after the contested judgment was rendered.
A proceeding for separation and divorce based on separation is essentially one continuous and ongoing proceeding which is not terminated until judgment of divorce. DeFatta v. DeFatta, 352 So.2d 287 (La.App. 2nd Cir.1977). Mrs. Franklin obtained the divorce on a La.R.S. 9:302 separation. Service of process on Mr. Franklin, through his counsel of record, Mr. Weber, was proper. Service on Mr. Weber was sufficient to provide notice to Mr. Franklin to satisfy due process considerations and insure fairness.
Accordingly, the trial court's dismissal of Mr. Franklin's action in nullity is affirmed.

JUDGMENT OF DIVORCE
On January 25, 1984, Mrs. Franklin filed a petition for divorce based on La.R.S. 9:302(A), alleging that a judgment of separation had been rendered on February 24, 1983, and signed on March 3, 1983. However, the judgment of separation was actually rendered on August 11, 1983, and was signed on August 22, 1983. Mr. Franklin filed no answer to the petition for divorce, and on February 14, 1984, a preliminary default was entered on motion of Mrs. Franklin. On February 27, 1984, the default was confirmed and judgment was rendered and signed in favor of Mrs. Franklin decreeing a final divorce between the parties. From this judgment, Mr. Franklin applied for a rehearing and/or new trial. Mr. Franklin contends the trial court erred in granting a judgment of divorce when less than six months had elapsed between the signing of the judgment of separation and the filing of the petition for divorce.[8]
La.R.S. 9:302(A) provides as follows:
When there has been no reconciliation between the spouses for a period of six months or more from the date the judgment of separation from bed and board was signed, either spouse may obtain a judgment of divorce.
In the present case, the judgment of separation was signed on August 22, 1983. Applying the literal language of La.R.S. 9:302(A), a judgment of divorce could not be obtained until February 22, 1984. Mrs. Franklin did not obtain the judgment of divorce until February 27, 1984, more than six months from the date the judgment of *639 separation was signed. The fact that Mrs. Franklin filed the petition for divorce and obtained the preliminary default before six months had elapsed since the signing of the judgment of separation did not invalidate or affect her cause of action under La.R.S. 9:302(A).
Accordingly, the judgment of divorce is affirmed.

NEW TRIAL
Mr. Franklin filed an application for rehearing and/or new trial claiming that the judgment of divorce was "clearly contrary to the law on its face." On August 7, 1984, Mr. Franklin filed a motion for a hearing on the application for rehearing and/or new trial. A hearing was held on August 20, 1984. On September 4, 1984, a written judgment was rendered dismissing the motion. Mr. Franklin contends the trial court committed manifest and reversible error in not granting his motion for a new trial.
A new trial shall be granted, upon contradictory motion of any party, when the verdict or judgment appears clearly contrary to the law and evidence. La.C. C.P. art. 1972. Further, a new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law. La.C.C.P. art. 1973. Thus, a trial court has virtually unlimited discretion to order a new trial, even on its own motion, where it is convinced there is ground therefor. Unless an abuse of discretion can be demonstrated, a trial court's action in granting or denying a new trial will not be reversed. Tebbe v. Avegno, 435 So.2d 513 (La.App. 4th Cir.1983), writ not considered, 441 So.2d 753 (La.1983); Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir.1981).
In the instant case, no action was taken by the trial court on Mr. Franklin's motion for a new trial until it denied his motion to refix a hearing. The effect of this denial amounted to a denial of Mr. Franklin's motion for a new trial. Considering this court's affirmance of the judgment of divorce, we find that the trial court did not abuse its discretion in denying the motion for a new trial.
Accordingly, the denial of the motion for a new trial is affirmed.

CUSTODY
During the separation proceedings, the trial court awarded joint custody of the five minor children and awarded the physical custody of the children to Mr. Franklin. The children stayed with Mr. Franklin in the family home. When the judgment of separation was rendered, the trial court maintained joint custody with Mr. Franklin having physical custody of the children during the school year and Mrs. Franklin having physical custody during the summer months. In her petition for divorce, Mrs. Franklin sought a change of custody (sole custody). By default judgment, Mrs. Franklin was awarded sole custody of the five minor children. Mr. Franklin filed suit seeking a change in custody based on the unlawful default judgment granting Mrs. Franklin sole custody. A hearing was held on August 20, 1984, and judgment was rendered awarding sole custody of the oldest child, Eric, to Mr. Franklin. Sole custody of the remaining four children was continued with Mrs. Franklin. Mr. Franklin contends the trial court erred in failing to award joint custody of the five minor children.
La.C.C. art. 157(A) provides as follows:
In all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146.
The original award of custody in the divorce proceeding was a grant of sole custody of the five minor children to Mrs. Franklin. This award was rendered by a judgment of default. The record on appeal contains no transcript of testimony of any witnesses at the hearing on confirmation of default and contains no statement of facts by the trial court. As such, the default judgment is presumed to have been based upon sufficient evidence and to be correct. Lewis v. Ault, 401 So.2d 1252 (La.App. 1st *640 Cir.1981), writ denied, 409 So.2d 615 (La. 1981); Gilman v. Babin, 195 So.2d 737 (La.App. 1st Cir.1967), writ refused, 250 La. 737, 199 So.2d 179 (1967). Therefore, we must assume the default judgment awarding Mrs. Franklin sole custody was correct and founded upon sufficient proof, since there is nothing in the record to disclose that the trial court erred in this award.
When a change in custody is sought after the original award, permanent custody shall be granted to the parents in accordance with La.C.C. art. 146 which requires the award to be made according to the best interest of the child with first preference to an award of joint custody. Carroway v. Carroway, 441 So.2d 494 (La. App. 2nd Cir.1983). La.C.C. art. 146(C) establishes a rebuttable presumption that joint custody arrangements are in the child's best interest. This presumption may be rebutted upon a proper showing that a different arrangement is in the child's best interest, after consideration of the factors enumerated in La.C.C. art. 146(C)(2)(a)-(l).[9] The burden of proving joint custody would not be in the child's best interest shall be on the parent requesting sole custody. La.C.C. art. 146(A)(2).
In Turner v. Turner, 455 So.2d 1374, 1379 (La.1984) the Supreme Court discussed the joint custody presumption as follows:
The article 146 presumption only compels the judge to award joint custody in those cases where other things are equal; or where there is insufficient evidence to rebut the presumption; or whenever neither parent alone would be able to manage a sole custody arrangement, and where it cannot be shown that it would be detrimental to the child to remain in parental custody. Effectively, the presumption only provides the judge with a first choice, which choice must be rejected in the face of evidence which tends to disprove the conclusion. In such a case, it becomes necessary for the other party to reestablish the propriety of the presumption's conclusion. [Emphasis added].
At the August 20, 1984 hearing, Mr. and Mrs. Franklin testified and so did the three oldest childrenEric, Orlando and Wyetta. After considering their testimony and applying the factors enumerated in La.C.C. art. 146(c)(2)(a)-(l), we find that neither parent presented sufficient evidence to rebut the presumption that joint custody would be in the children's best interest. The evidence is clear that both parents love their children and each expressed a willingness to facilitate and encourage a continuing parent-child relationship between the child and the other parent. Neither parent was shown to be morally, mentally or physically unfit or incapable of providing for the children's material, educational or emotional needs. The children expressed an interest to live with their father in the family home because this was a stable, satisfactory environment which they were familiar with and wished to continue.
Accordingly, we find the trial court erred in awarding sole custody of Eric to Mr. Franklin and sole custody of the four remaining children to Mrs. Franklin because the parents did not overcome the presumption of joint custody; we also find that joint custody is in the best interest of the children and remand for a custody implementation plan. La.C.C. art. 146(A)(1).

DECREE
For the foregoing reasons, the judgments dismissing the nullity action, granting a judgment of divorce and dismissing the motion for a new trial are affirmed. The custody judgment is reversed, and it is ordered that the parties are awarded joint custody of their minor children. This suit is remanded to the trial court for establishing a custody implementation plan in accordance with law. The costs of this appeal are to be divided equally between the parties.
*641 AFFIRMED IN PART; REVERSED AND RENDERED IN PART; REMANDED IN PART.

APPENDIX A
(2) The presumption in favor of joint custody may be rebutted by a showing that it is not in the best interest of the child, after consideration of evidence introduced with respect to all of the following factors:
(a) The love, affection, and other emotional ties existing between the parties involved and the child.
(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his religion or creed, if any.
(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(f) The moral fitness of the parties involved.
(g) The mental and physical health of the parties involved.
(h) The home, school, and community record of the child.
(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
(k) The distance between the respective residences of the parties.
(l) Any other factor considered by the court to be relevant to a particular child custody dispute. However, the classification of persons according to race is neither relevant nor permissible.
NOTES
[1] This pleading was served on Mr. Franklin by mail through his attorney, Mr. Weber.
[2] Service of this pleading was through Mr. Franklin's attorney, Mr. Weber.
[3] Mr. Langford approved the written judgment as to form.
[4] A written judgment was signed on August 18, 1983, making past due alimony of $1,000 executory.
[5] Mr. Langford signed the judgment, approving it as to form and substance.
[6] The judgment of divorce was rendered by default. La.C.C.P. arts. 1701-1703 and 1843.
[7] A review of the record indicates the trial court had jurisdiction over the status, allowing it to render a judgment of divorce. Cf. Webb v. Webb, 357 So.2d at 1290.
[8] This is not a collateral attack on the judgment of divorce. Mr. Franklin's application for a rehearing and/or new trial from this judgment was, in effect, denied by the September 4, 1984 judgment, wherein the court refused to refix a hearing on this motion. Thus, the judgment of divorce was timely appealed and this issue is properly before this court. La.C.C.P. art. 2087.
[9] Attached hereto as Appendix A.