GRISBAUM, Judge.
This is an appeal of a judgment overruling the defendant/wife’s exceptions of prematurity, no cause of action, and improper venue. We reverse in part and affirm in part.
We are called upon to determine three issues:
(1) Whether the trial court erred in overruling the exception of prematurity;
(2) Whether the trial court erred in overruling the exception of no cause of action; and
(3) Whether the trial court erred in overruling the exception of improper venue.
The record shows that on January 9, 1985, Sylvia Landry Tregre obtained a separation “a mensa et thoro” from her husband, Cyprian Tregre, in the Thirty-Fourth Judicial District Court of St. Bernard Parish. This judgment was signed on January 10, 1985 and decreed Cyprian Tregre to be solely at fault and Sylvia Landry free from fault. At that time the matrimonial domicile and all immovable community property were located in St. Bernard Parish. No reconciliation has ever occurred; Mr. Tregre has moved to St. Charles Parish and Ms. Landry has moved to Lafourche Parish.
On May 29, 1985, Cyprian Tregre filed a Petition for Divorce and a Partition of Community Property in the Twenty-Ninth Judicial District Court in St. Charles Parish. The divorce action was based on La. R.S. 9:302 (no reconciliation for six months since judgment of separation from bed and board was signed). The defendant, Sylvia Landry, timely filed the declinatory exception of improper venue, the dilatory exception of prematurity, and the peremptory exception of no cause of action. The trial court heard arguments on the exceptions on September 30, 1985 and overruled those of prematurity and improper venue. The court then treated counsel-for-plaintiff's argument as an instanter amendment to the petition and denied the no cause of action exception; it allowed the plaintiff 15 days to amend the petition. The defendant appeals.
Regarding the question of prematurity, La.C.C.P. 926 states that prematurity is a dilatory exception. Our jurisprudence notes that where a suit has been filed prematurely, and the exception has been properly filed, no amendment of the pleadings can cure such exception. Valley Bank of Nevada v. Livaccari, 398 So.2d 1228 (La.App. 4th Cir.1981); Duncan v. Duncan, 359 So.2d 1310 (La.App. 1st Cir. 1978). Additionally, if the dilatory exception pleading prematurity is sustained, the suit shall be dismissed. La.C.C.P. art. 933; Duncan, supra.
*707 Upon review, we see our statutory law in La.R.S. 9:302(A) provides:
When there has been no reconciliation between the spouses for a period of six months or more from the date the judgment of separation from bed and board was signed, either spouse may obtain a judgment of divorce.
In applying the language of La.R.S. 9:302 literally, the judgment of divorce could not have been obtained before July 10, 1985. Obviously, no judgment of divorce will be rendered prior to that date. However, in Franklin v. Franklin, 470 So.2d 634, 639 (La.App. 1st Cir.1985), wherein both the petition for divorce under La.R.S. 9:302 was filed and a preliminary default was taken before six months had elapsed, but the divorce judgment was not obtained until after six months had past, the First Circuit held
... The fact that Mrs. Franklin filed the petition for divorce and obtained the preliminary default before six months had elapsed since the signing of the judgment of separation did not invalidate or affect her cause of action under La.R.S. 9:302(A).
We agree. The Franklin court demonstrated, and we concur with, the literal application of the statute and the viability of the cause of action, even though the petition was filed prior to the expiration of six months from the signing of the judgment of separation. Additionally, we note that prior to Act No. 702 of 1977, La.R.S. 9:302 read, in part, as follows:
When there has been no reconciliation between the spouses for a period of one year or more from the date the judgment of separation from bed and board was signed, the spouse who obtained this judgment may sue for and obtain a judgment of absolute divorce. If no such divorce action is instituted within a year and sixty days from the date the judgment of separation from bed and board was signed, the other spouse may sue for and obtain a judgment of absolute divorce. (Emphasis added)
However, in July 1977, the legislature altered the phrase “... may sue for and obtain a judgment of absolute divorce” to read "... may obtain a judgment of divorce.” This change in language indicates that a party may sue under the statute’s cause of action prior to the expiration of six months, as long as the divorce judgment itself is not obtained prior to such time. Accordingly, we find the trial court did not err in overruling the exception of prematurity.
In addressing the question of whether the trial court erred in overruling the exception of no cause of action, we note that La.C.C.P. art. 934 states:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
The statutory law in La.C.C.P. art. 1155 also guides us by stating that, on motion of a party, the court may, upon reasonable notice and upon such terms as are just, permit the mover to file a supplemental petition setting forth causes of action which have become exigible since the date of filing the original petition and which are related to or connected with the causes of action asserted therein. Accordingly, the trial court was eminently correct in its denial of the exception of no cause of action when it simultaneously allowed the plaintiff 15 days to amend the petition, which was the common, practical thing to do.
We now address the venue exception. Our statutory law in La.C.C.P. art. 3941 provides:
An action for an annulment of marriage, for a separation from bed and board, or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.
*708 The venue provided in this article may not be waived, and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity.
This provision applies to a divorce sought by virtue of La.R.S. 9:302. Mitchell v. Mitchell, 393 So.2d 776 (La.App. 4th Cir. 1980). Since Cyprian Tregre was domiciled in St. Charles Parish when the action for divorce was filed, the proper venue for this action is in St. Charles Parish.
However, part of the venue exception relates to a partition action which was simultaneously filed with the divorce action. Louisiana Code of Civil Procedure article 82, a special venue provision, states:
Except as otherwise provided in the second paragraph of this article, an action to partition community property shall be brought either as an incident of the action which would result in a dissolution of the community, or as a separate action in the parish where the judgment dissolving the community was rendered.
If the community owns immovable property, the action to partition the community property, movable and immovable, may be brought in the parish where any of the immovable property is situated.
We see the action of separation was filed in St. Bernard Parish, which judgment carries with it the separation of goods and effects and which is retroactive to the date on which the petition is filed. La.C.C. art. 155; Patterson v. Patterson, 417 So.2d 419 (La.App. 1st Cir.1982), writ denied, 420 So.2d 983 (La.1982); Dhuet v. Taylor, 383 So.2d 1061 (La.App. 1st Cir.1980). No immovable property owned by the community is located in St. Charles Parish; the only proper venue for the partition is in St. Bernard Parish.
For the reasons assigned, that portion of the judgment overruling the exception of venue pertaining to the partition of the community property action is hereby reversed; in all other respects, the judgment of October 3,1985 is affirmed. All costs of this appeal are to be equally divided between the appellant and the appellee.
REVERSED IN PART AND AFFIRMED IN PART.