FRED W. JONES, Judge.
The Williamses were married on May 8, 1965. On March 15,1985 the husband filed suit against his wife for a divorce on the ground of living separate and apart for one year.
On March 25, 1985 the wife answered, denying the parties had separated on March 15, 1984. In addition, she filed a reconventional demand alleging mental cruelty and long absences from the matrimonial domicile without cause, as well as praying for a divorce on the ground of living separate and apart for one year. Mrs. Williams admitted separation occurred in the month of March 1984 but alleged that her husband was guilty of abandonment without just cause.
On August 28, 1985 a judgment of divorce was rendered in favor of the plaintiff-in-reconvention. In addition, the trial *734 court held both parties were legally at fault in causing the separation.
Plaintiff-in-reconvention appealed, claiming the trial court erred in (1) exercising jurisdiction when the pleadings and the evidence show that less than a year had passed between physical separation and plaintiff’s filing of the petition for divorce; (2) admitting evidence of fault when the issue was not pleaded and neither party sought alimony; and (3) finding her at fault when it was not established that she was guilty of conduct sufficient to establish independent grounds for separation. We affirm for the reasons hereinafter explained.
MAIN DEMAND
When the spouses have been living separate and apart continuously for a period of one year or more, either spouse may sue for and obtain a judgment of absolute divorce. La.R.S. 9:301. The one year period is a special jurisdictional requirement. Hinchey v. Hinchey, 203 So.2d 409 (La.App. 2d Cir.1967).
In computing a period of time prescribed by law, the date of the act after which the period begins to run is not to be included. The last day of the period is to be included. La.C.C.P. Art. 5059.
The trial judge implicitly found the Williamses physically separated on March 15, 1984. Thus, March 15, 1984 should not be included in computing the one year time period. The earliest date either party could have filed suit for a judgment of divorce was March 16, 1985. The petition for divorce filed by plaintiff on March 15, 1985 was premature. The trial court did not have jurisdiction to grant him a divorce on the ground of living separate and apart for one year.
We make this determination despite the decisions of Tregre v. Tregre, 487 So.2d 705 (La.App. 5th Cir.1986) and Franklin v. Franklin, 470 So.2d 634 (La.App. 1st Cir.1985).
In Tregre, supra, the wife obtained a separation “a mensa et thoro” from the husband on January 10, 1985. On May 29, 1985, the husband filed a petition for divorce based on La.R.S. 9:302 (no reconciliation for six months from the date the judgment of separation from bed and board was signed). The wife filed a dilatory exception of prematurity which was subsequently overruled.
If the language of La.R.S. 9:302 was applied literally, the judgment of divorce could not have been obtained before July 11, 1985. The Fifth Circuit, relying on Franklin, supra, affirmed the trial court’s decision overruling the exception of prematurity due to the fact that no judgment of divorce will be rendered prior to the expiration of six months from the signing of the judgment of separation, even though the petition was filed prior to that date.
In addition, the Fifth Circuit noted that prior to Act No. 702 of 1977, La.R.S. 9:302 read, in part:
When there has been no reconciliation between the spouses for a period of one year or more from the date the judgment of separation from bed and board was signed, the spouse who obtained this judgment may sue for and obtain a judgment of absolute divorce.
In July 1977, the Legislature altered the phrase “may sue for and obtain a judgment of absolute divorce” to read “may obtain a judgment of divorce”. This change in language indicates that a party may sue under the statute’s cause of action prior to the expiration of six months, as long as the divorce judgment itself is not obtained pri- or to such time.
In a concurring opinion, Judge Bowes agreed with the majority that the statute as written permits the results reached in the opinion. His appeal to the legislature for an amendment to La.R.S. 9:302 is grounded upon the public policy in favor of family unity.
The statute as presently written fosters deterioration of the family unit by permitting a party to file for divorce on the same day a judgment of separation is obtained; and while he may not be allowed to obtain a divorce judgment, the *735 commencement of such litigation for a final divorce has a chilling effect on any possible reconciliation attempts and negates the preservation of the marriage and the reconstruction of the family. Tregre, supra, at page 708.
The case we have before us is distinguishable from Tregre, supra, and Franklin, supra, however. La.R.S. 9:301 still contains the phrase “may sue for and obtain a judgment of absolute divorce.” (emphasis ours) Thus, the party seeking a divorce under La.R.S. 9:301 must file the petition and obtain the judgment for divorce after the expiration of the one year period. In addition, this holding is in accordance with the public policy to encourage reconciliation.
RECONVENTIONAL DEMAND
However, the trial court did have jurisdiction to grant plaintiff-in-reconvention a divorce. Her reconventional demand was filed on March 25, 1985. The one year period for obtaining a divorce under La. R.S. 9:301 had elapsed.
Reconvention is an incidental demand. La.C.C.P. Art. 1031. The incidental action is independent of the principal action. Texas Gas Transmission Corp. v. Gagnard, 223 So.2d 233 (La.App. 3rd Cir.1969). A civil action is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. La.C. C.P. Art. 421. The date of judicial demand is the day on which a party files his demand or claim for relief. Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir.1972).
The trial judge stated:
... the only thing that is real clear in this case is that the parties have lived separate and apart the requisite period of time to be granted a divorce.
When the appropriate statutory period has been shown, the trial court has no discretion, but must grant the divorce. Saunders v. Saunders, 422 So.2d 245 (La.App. 4th Cir.1982).
Evidence presented at trial indicated the Williamses separated on March 15, 1984, or at the very latest, on March 18, 1984. On March 25, 1985, Mrs. Williams filed a reconventional demand for a divorce on the ground of living separate and apart for one year. The trial judge correctly granted her a divorce “a vinculo matrimo-nii” as the one year statutory period had elapsed.
Mrs. Williams contends evidence of fault should not have been considered when the issue was not pleaded and neither party sought alimony. We need not reach this issue. No objection was made when evidence of fault was presented. Therefore, any complaint as to the admissibility of such evidence was waived.
The trial court held the parties were mutually at fault in bringing about the one year separation required to obtain a divorce.
It must be established that a spouse is guilty of conduct sufficient to establish independent grounds for a separation to be adjudicated of fault. Adams v. Adams, 389 So.2d 381 (La.1980). Fault is a question of fact and the trial court’s finding on the issue will not be disturbed on appeal absent a manifest abuse of discretion. Edelen v. Edelen, 457 So.2d 171 (La.App.2d Cir.1984).
The trial court had before it two diametrically opposed versions of the events leading to the separation. The trial judge stated:
... the other conclusion that I could reach is that there is a little truth in both parties.
It was agreed that the Williamses slept in different rooms since 1979. Mrs. Williams claimed her husband would wake her up in the middle of the night and accuse her of adultery. The lack of sleep interfered with the wife’s work until she was forced to sleep in a separate room. According to Mrs. Williams, the couple continued to have sexual relations. Williams stated his wife stopped sleeping with him *736 in 1978. He denied that he and Mrs. Williams had sexual relations since that time. He also denied having had any sexual relations with anybody else.
Mrs. Williams also claimed the shooting incident that occurred approximately three years before the separation was an accident. She said that Williams started hitting her. She grabbed a shotgun and tried to scare him away. The gun accidentally discharged and some buckshot struck her husband in the leg. Williams asserted the shooting was no accident. The husband claimed he came home late after visiting a sick friend and going to the grocery store. His wife was angry and she told Williams to leave and then fired the shotgun through the screen door.
Mrs. Williams contended her husband would go out at night. He also received phone calls from women. Mrs. Williams and her daughter observed him out with other women. The daughter also testified Williams would leave in the middle of the night after everyone else was asleep. The husband claimed his wife accused him of adultery almost constantly.
The Williamses finally separated when the husband came home late after washing his clothes at the washateria. The wife again requested that her husband leave. When he did not, Mrs. Williams got a pistol. Williams grabbed the clothes he had just washed and left. The wife denied this encounter.
Mrs. Williams claimed she asked her husband to return. This was again corroborated by the wife’s daughter. Williams denied this.
We cannot say the trial judge was manifestly erroneous in determining the fault issue against both parties. These circumstances indicate numerous instances of ill-treatment by both parties that rendered further living together insupportable. La. C.C. Art. 138(3).
For these reasons the district court judgment is affirmed, at appellant’s cost.