671 So.2d 1143 (1996)
Donald Ray PARKER, Plaintiff-Appellee,
v.
Emma Lee McLendon PARKER, Defendant-Appellant.
No. 95-1373.
Court of Appeal of Louisiana, Third Circuit.
April 3, 1996.
*1144 Jack Forsythe Owens, Jr., Harrisonburg, for Donald Ray Parker.
Arthur J. Branan, Jr., Harrisonburg, for Emma Lee McLendon Parker.
Before THIBODEAUX, SAUNDERS and AMY, JJ.
SAUNDERS, Judge.
This matter comes before us after the trial court denied a request to annul a judgment of divorce obtained by Donald Ray Parker on August 5, 1993. For the following reasons, we find that the trial court was in error in allowing the judgment of divorce to stand and reverse.

FACTS
Donald Ray Parker filed a petition for divorce on February 2, 1993. This petition alleged that the parties separated on October 19, 1992. The petition demanded a divorce pursuant to La.Civ.Code arts. 102 and 103(1). The petition also alleged that petitioner would be entitled to a divorce after 180 days of service of this petition. With the petition, Mr. Parker filed a waiver of service and an answer. The record indicates that both the waiver of service and answer were prepared by Mr. Parker's attorney. It is also indicated in the record that the waiver of service and answer bear the signature of the defendant, Emma Lee McLendon Parker. The signatures by Mrs. Parker are barely legible on these documents as a result of a stroke that Mrs. Parker suffered shortly before Mr. Parker filed for divorce.
Mr. and Mrs. Parker entered into a division of community property on March 20, 1993. In this property partition, Mrs. Parker received the 1985 Chevrolet S-10 Blazer, while Mr. Parker received all the other property that belonged to the community.
On August 5, 1993, a judgment of divorce was filed which apparently results from an instanter setting. On July 27, 1995, Mrs. Parker filed a motion for abandonment of action pursuant to La.Code Civ.P. art. 3954. The trial court refused to enter an ex parte order of abandonment. On August 3, 1995, Mrs. Parker filed a motion for nullity of judgment.
These motions were heard on August 3, 1995, at which time the trial court took the matter under advisement. The trial court rendered its opinion on August 22, 1995, ruling in favor of Mr. Parker and refusing to set aside the judgment of divorce. Mrs. Parker appeals this decision.

DISCUSSION
We first consider whether the divorce was properly granted under La.Civ.Code art. 102.
La.Civ.Code art. 102 as it read in 1992, prior to the 1995 amendment, stated:
A divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously since the filing of the petition.
The motion shall be a rule to show cause filed after the one hundred eighty days have elapsed.
In the case sub judice, we note that Mrs. Parker apparently signed the waiver of service that was prepared by Mr. Parker's attorney. *1145 We also note from the record that no rule to show cause had ever been filed in this matter. La.Civ.Code art. 102 states that "the motion shall be a rule to show cause filed after all such delays have elapsed."
La.Code Civ.P. art. 3954(A) states:
A. A divorce action instituted under Civil Code Article 102 is abandoned if the rule to show cause provided by that Article is not filed within two years of the service of the original petition or execution of written waiver of service of the original petition.
No rule to show cause has ever been filed in this matter, therefore under the provisions of La.Code of Civ.P. art. 3954, Mr. Parker's petition for a La.Civ.Code art. 102 divorce was abandoned.
We next consider whether there was a proper La.Civ.Code art. 103(1) divorce granted.
The record indicates that Mr. Parker filed a petition for divorce on February 2, 1993. In his own petition, Mr. Parker alleges that the parties were separated on October 19, 1992.
La.Civ.Code art. 103 states in pertinent part:
A divorce shall be granted on the petition of a spouse upon proof that:
(1) The spouses have been living separate and apart continuously for a period of six months or more on the date the petition is filed;
* * * * * *
Though not law, the revised comment under La.Civ.Code art. 103(a) of 1990 states:
(a) Subparagraph (1) of this Article reproduces the substance of former R.S. 9:301 (1989) without change. It is intended to provide an alternative to an action under Article 102, supra, for the spouses who have lived separate and apart for the requisite period of time and who do not wish to wait an additional six months to be divorced (as would be necessary if they instituted proceedings under Article 102 at the end of their period of living separate and apart).
Both Article 103 and the comment suggest quite clearly that the parties must have lived separate and apart on the date of the filing. In Moore v. Gencorp, Inc., 93-0814 (La. 3/22/94), 633 So.2d 1268, the Louisiana Supreme Court stated that if the intent of the legislature is clear, that is the end of the matter. Courts must give effect to the unambiguously expressed intent of the legislature if its application does not lead to absurd consequences. The legislature clearly intended that parties could receive an immediate La.Civ.Code art. 103(1) divorce upon proof that they had been living separate and apart continuously for a period of six months or more on the date the petition is filed.
In the case sub judice, Mr. Parker's own pleadings indicate a separation of merely 3 ½ months at the time the petition for divorce was filed and therefore does not state a cause of action under La.Civ.Code art. 103(1).
The trial court held that the petition for divorce stated a La.Civ.Code art. 103(1) cause of action. Further, the trial court stated that the petition would have been subject to an exception of prematurity, but since no exception of prematurity was filed, Mrs. Parker has forever waived her right of nullifying the judgment. We cannot agree.
In Williams v. Williams, 491 So.2d 732 (La.App. 2 Cir.1986), the court stated that a one year period is a special jurisdictional requirement when a party seeks divorce on the ground of living separate and apart for a period of one year. The Williams case was decided before the change in the law from one year to six months but the analogy is still applicable. We find that the trial court, at 3 ½ months after the petition was filed, did not have the requisite jurisdiction to grant a La.Civ.Code art. 103(1) divorce.

CONCLUSION
Mr. Parker has failed to obtain a divorce under La.Civ.Code art. 102 because he failed to file the requisite rule to show cause after the expiration of 180 days of living separate and apart from Mrs. Parker.
Further, we cannot allow Mr. Parker to obtain a divorce based on his petition under La.Civ.Code art. 103(1) because at the time *1146 of filing, a mere 3 ½ months had elapsed since the separation of the parties. In order for Mr. Parker to obtain a divorce under this statute, he must prove that the parties have lived separate and apart for six months continuously on the date that he filed his petition. Mr. Parker has failed to show that the parties have met the requirements for divorce under our law. Accordingly, we must reverse the judgment of divorce granted below.

DECREE
For the above and foregoing reasons, we find that the trial court was in error in awarding a divorce to the parties. We reverse the trial court's judgment and set aside Mr. Parker's judgment of divorce as null.
All costs at the trial level and of this appeal are assessed to the appellee, Donald Ray Parker.
REVERSED.