726 So.2d 482 (1999)
Jennifer F. BERGERON, et al.
v.
Dennis J. HYMEL, et al.
No. 98-CA-737
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
*483 H. Sanders O'Neal, Houma, Louisiana, Attorney for Defendant in Intervention/Appellant.
Jennifer F. Bergeron, in Forma Pauperis.
Vincent J. DeSalvo, Baton Rouge, Louisiana, Pro Per, Intervenor/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD, and THOMAS F. DALEY.
GOTHARD, Judge.
Plaintiff, Jennifer Bergeron, appeals a judgment of the trial court which grants a motion for summary judgment filed by the intervenor, Vincent J. DeSalvo, which awards him $17,410.78 in costs and expenses. For reasons that follow, we vacate that judgment.
The record shows that Ms. Bergeron, through her attorney Charles Kronlage, Jr., filed a tort action in May, 1991 as a result of an automobile accident. In February, 1992, Vincent DeSalvo replaced Ms. Bergeron's original attorney as attorney of record. Apparently, Ms. Bergeron fired Mr. DeSalvo because he filed a petition of intervention on September 1, 1995 seeking to obtain attorney fees, costs and expenses, some of which are the subject of the judgment in question in the instant appeal.
In February, 1996 a motion to enroll as counsel of record was filed by Charles Dittmer, Jr. On December 30, 1996, Mr. Dittmer filed a motion for intervention seeking to collect attorney fees and costs. The motion alleges that Ms. Bergeron refused an offer to settle the claim for $94,000.00 against Mr. Dittmer's recommendation. Ms. Bergeron appeared in proper person to request a continuance of the trial, because she was without legal representation. That motion was granted. In August, 1997, Mr. Kronlage filed an intervention seeking attorney fees and costs.
On April 6, 1998, through the efforts of her attorney at that time, Richard Fernandez, the matter was settled for $98,000.00. The record contains a letter from Mr. Fernandez to Ms. Bergeron which details the specifics of the settlement offer and is signed by Ms. Bergeron. The record also contains a transcript of the proceedings in court on March 23, 1998 in which Mr. Fernandez stated ".... although I have not formally enrolled as counsel of record for the plaintiff, Jennifer Bergeron, I'm here for purposes of settlement negotiation, and we have entered into a settlement with defense counsel". In that proceeding Ms. Bergeron agreed to the settlement and to a split of attorney fees. In that regard the following colloquy took place:
MR. FERNANDEZ:
........Ms. Bergeron have you knowingly, willingly and voluntarily entered into this settlement with the full understanding of the facts, and you do this without any-without being coerced or forced or pressured in any way whatsoever for entering into this settlement; is that true and correct?
THE PLAINTIFF:
That's true, as long as I have to be notified before the money is given to them.
.......
MR. DITTMER:
It has also been agreed between intervenors and Ms. Bergeron that the -in addition to the payment of all costs in the case incurred by the various attorneys, the fee shall be 20 percent, and it has been agreed by and between Dittmer & Hartman and Mr. DeSalvo that Dittmer & Hartman will receive the sum of $12,000 of this fee, the remainder of the fee going to other counsel, which agreement Mr. DeSalvo ratified by telephone at the earlier pre-trial conference; that I would ask *484 counsel to confirm that he did so ratify the agreement.
MR. FERNANDEZ:
Yeah, that's correct, and the total fees in this matter come to $19,600.
. . . . .
MR. FERNANDEZ:
But I want to ask you: Did you understand what all of counsel....
THE PLAINTIFF:
What Dittmer was saying? No, I didn't I got lost on that.
MR. FERNANDEZ:
All right....
THE PLAINTIFF:
Is that what's on this paper?
MR. FERNANDEZ:
Yes. What happened is, there was an agreement between Mr. DeSalvo and Mr. Dittmer as to the division of the $19,600, a division of that fee between him and Mr. DeSalvobetween Mr. Dittmer and Mr. DeSalvo, so that had to do with attorneys' fees and nothing to do with your settlement.
THE PLAINTIFF:
So, there's nothing extra in
MR.FERNANDEZ:
No, there's nothing extra
THE PLAINTIFF:
It's not part of the other.
MR. FERNANDEZ:
No; only has to do with the attorneys' fees.
THE PLAINTIFF:
All right. So, DeSalvo is going to give him $12,000 out of that $19,000.
MR. FERNANDEZ:
That's correct.
Contained in the record is a statement compiled by Mr. Fernandez and signed by Ms. Bergeron which places the following amounts for expenses, costs, and loans in Mr. Fernandez' trust account:

1. Vincent DeSalvo $11,946.44
2. Charles Dittmer, Jr. $ 668.25
3. Vincent DeSalvo-misc. Expenses $ 8,190.75
4. Vincent DeSalvo-client loan $ 5,464.34

After the execution of the settlement agreement, plaintiff received a check, and Mr. Fernandez made a deposit into his attorney trust account in accordance with the agreement. All attorney fees were disbursed and are no longer at issue.
In April, 1998, Mr. DeSalvo filed a motion for summary judgment seeking judgment for $11,946.44 in expenses and $5,464.34 in advances made to plaintiff. On the motion Mr. DeSalvo certified that a copy of the pleading was mailed to Ms. Bergeron's attorney of record. A rule to show cause was set for June 16, 1998 to consider the motion. A request for service to Jennifer Bergeron is on the bottom of the rule to show cause. However, because attempts to serve Ms. Bergeron were unsuccessful, Mr. DeSalvo served Mr. Fernandez, as Ms. Bergeron's attorney of record, with notice of the hearing on the motion for summary judgment. Because there was no opposition to the motion, judgment was rendered in favor of Mr. DeSalvo. It is from that judgment that Ms. Bergeron takes this appeal.
Appellant argues that summary judgment was improper because there was no valid service of process of the pending motion. Specifically, Ms. Bergeron maintains that she was not served personally, and at the time of service she had no attorney of record. Accordingly, she argues the judgment granting the motion for summary judgment of which she complains, is a nullity and should be vacated. Alternatively, she argues that the summary judgment was improperly granted because the affidavits offered in support thereof do not resolve all issues of material fact.
A motion for summary judgment in the form of a rule to show cause requires service pursuant to LSA-C.C.P. article 1314. First Federal Savings & Loan v. Stanley, 578 So.2d 220 (La.App. 3 Cir.1991). Judgments rendered against a defendant who was not served with process as required by law and who made no appearance is an absolute nullity. LSA-C.C.P. article 2002. Article 1314 A(2) provides that service by the sheriff may be made by personal service on the counsel of record of the adverse party. Here *485 the record contains a sheriff's return of personal service on Ms. Bergeron through her attorney of record, Richard Fernandez.
The burden of proof is on the party attacking service to establish by clear and convincing evidence that the attorney served was not the counsel of record at the time of service. Franklin v. Franklin, 470 So.2d 634 (La.App. 1 Cir.1985). We do not find the plaintiff has met that burden of proof. Mr. Fernandez negotiated a settlement in the main action on behalf of the plaintiff. Plaintiff appeared through counsel in court to effect the settlement. Further, counsel deposited the funds, ultimately awarded in the summary judgment, into his trust account to be held until permission of the plaintiff, or court order allowed the disbursement. The settlement matter was not concluded fully until these funds were distributed. Under these circumstances we find that Mr. Fernandez was counsel of record at the time of service. Further, we find that service on Mr. Fernandez was sufficient to provide notice to Ms. Bergeron of the summary judgment procedure, and to satisfy due process considerations and insure fairness. See, Franklin v. Franklin, supra.
Because we find service was proper, we now consider plaintiff's alternative assignment of error in which she asserts the grant of the summary judgment motion was not proper. For the following reasons we find the summary judgment was improperly granted and hereby vacate the judgment.
The motion for summary judgment is based on a claim for costs and expenses made in a petition for intervention filed by Mr. DeSalvo on September 1, 1995. In that petition, Mr. DeSalvo makes Ms. Bergeron and defendants in the main action defendants in the intervention action. Although defendants Dennis Hymel and General Accident Insurance Company answered the petition, Ms. Bergeron did not. Therefore the action was not joined as to Ms. Bergeron. Further, there is no evidence in the record that the petition of intervention was personally served on Ms. Bergeron, and it appears from the record that she did not have an attorney of record at the time the petition was filed.
LSA-C.C.P. article 966 A(1) provides that a motion for summary judgment may be filed by the plaintiff "at any time after the answer has been filed". Because the summary judgment was granted for costs and expenses arising out of Mr. DeSalvo's representation of Ms. Bergeron, and claimed in a petition for intervention never served upon nor answered by Ms. Bergeron, we find the court improperly considered the motion for summary judgment in this matter. Accordingly, we vacate the judgment and remand the matter for further proceedings.
JUDGMENT VACATED.
DALEY, J., CONCURS WITH REASONS.
DALEY, Judge, concurring.
I agree with the majority disposition to vacate the trial court judgment; however, I do not agree that Mr. Fernandez was the plaintiff's attorney of record. Thus, service of the Motion for Summary Judgment on Mr. Fernandez was not valid service on plaintiff. Accordingly, I would vacate the trial court's judgment for invalid service.