STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2018 CA 0917

TYRONE BUTLER

VERSUS

REVERAND RICHARD SANDBERG
AND THE MORAL ALLIANCE OF ST. HELENA

JUDGMENT RENDERED: _____ OCT 2 3 2019 _____

* * * * * * *

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of St. Helena • State of Louisiana
Docket Number 22,103 • Division D

The Honorable M. Douglas Hughes, Judge Presiding

* * * * * * *

| | |
|---|---|
| Robert J. Carter<br>Greensburg, Louisiana | ATTORNEYS FOR APPELLANT<br>PLAINTIFF—Tyrone Butler |
| Michael L. Thiel<br>DeVonna Ponthieu<br>Hammond, Louisiana | |
| Christopher T. Baker<br>Bossier City, Louisiana | ATTORNEYS FOR APPELLEES<br>DEFENDANTS—Rev. Richard<br>Sandberg and the Moral<br>Alliance of St. Helena |
| Horatio G. Mihet, *pro hac vice*<br>Daniel J. Schmid, *pro hac vice*<br>Orlando, Florida | |
| Stephen M. Crampton, *pro hac vice*<br>Mandi D. Campbell, *pro hac vice*<br>Lynchburg, Virginia | |

* * * * * * *

BEFORE: WELCH, CHUTZ, AND LANIER, JJ.

**WELCH, J.**

Plaintiff appeals the district court's judgment granting attorney's fees and costs to the prevailing Defendants on a special motion to strike. For the reasons that follow, we vacate and remand.

**FACTS AND PROCEDURAL HISTORY**

This appeal arises from a defamation lawsuit. On July 31, 2013, employing the counsel of Michael Thiel and DeVonna Ponthieu, Plaintiff Tyrone Butler sued Defendants, Reverend Richard Sandberg and The Moral Alliance of St. Helena. The petition alleged that Rev. Sandberg called Mr. Butler a "schoolyard bully" at a meeting opposing a police jury resolution that would have exempted Mr. Butler's business from a law restricting sexually-oriented businesses in the parish.

On September 23, 2013, Defendants filed an answer and affirmative defenses, and simultaneously filed a special motion to strike under La. C.C.P. art. 971.[1] The district court set Defendants' special motion to strike for hearing on January 24, 2014. Mr. Butler did not file a timely response, nor did he appear at the January 24, 2014 hearing. The district court granted Defendants' special motion to strike in an order signed on February 5, 2014.

On February 5, 2014, Mr. Butler filed a motion to reinstate his petition for damages, blaming his counsel's absence at the January 24, 2014 hearing on bad weather. Therein, Mr. Butler's counsel, Ms. Ponthieu, alleged that she informed the district court of her absence, but that the message was not communicated to the district court judge. On February 10, 2014, Defendants filed an opposition to Mr. Butler's motion to reinstate the petition for damages. Thereafter, Mr. Butler filed an opposition to Defendants' special motion to strike on April 14, 2014. The district

---

[1] Louisiana Code of Civil Procedure article 971(A)(1) provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim."

2

court struck Mr. Butler's opposition to Defendants' special motion to strike as "grossly untimely" and reaffirmed its grant of Defendants' special motion to strike.

On September 22, 2016, Defendants filed a motion for attorney's fees and costs pursuant to La. C.C.P. art. 971(B).[2] On February 9, 2017, Mr. Butler's counsel, Michael Thiel, was suspended from the practice of law. On May 19, 2017, Defendants moved to set a hearing on their motion for attorney's fees and costs. On May 23, 2017, the district court granted Defendants' motion and set a hearing on Defendants' motion for attorney's fees and costs for August 25, 2017.

Neither Mr. Butler nor his other attorney, Ms. Ponthieu, appeared at the hearing on August 25, 2017. The district court granted Defendants' motion for attorney's fees and costs and issued a final judgement that same day, ordering Mr. Butler to pay Defendants $55,551.85 in attorney's fees and costs. On September 13, 2017, Mr. Butler filed a motion for a new trial, alleging lack of proper citation and service of notice of the August 25, 2017 hearing. The district court denied Mr. Butler's motion for new trial as untimely. Mr. Butler has devolutively appealed the August 25, 2017 judgment granting Defendants motion for attorney's fees and costs.

## LAW AND DISCUSSION

The issue before this court is whether citation and service of the May 23, 2017 order setting the August 25, 2017 hearing on Defendants' motion for attorney's fees and costs was made in accordance with state law. In his first assignment of error, Mr. Butler contends the district court erred in granting Defendants' motion for attorney's fees and costs, arguing a lack of proper service of notice of the hearing on that motion in accordance with La. C.C.P. art. 1313(C).

Absent an express waiver, citation and service thereof are essential in all civil actions. La. C.C.P. art. 1201. Louisiana Code of Civil Procedure article 1312

---

[2] Louisiana Code of Civil Procedure article 971(B) provides, "[i]n any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs."

provides that every pleading subsequent to the original petition must be served on the adverse party in accordance with La. C.C.P. art. 1313 or 1314. Louisiana Code of Civil Procedure article 1313 provides, in pertinent part:

> A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by:
>
> (1) Mailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing.
>
> (2) Delivering a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party.
>
> (3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
>
> (4) Transmitting a copy by electronic means to counsel of record, or if there is no counsel of record, to the adverse party, at the number or addresses expressly designated in a pleading or other writing for receipt of electronic service. Service by electronic means is complete upon transmission but is not effective and shall not be certified if the serving party learns the transmission did not reach the party to be served.
>
> B. When service is made by mail, delivery, or electronic means, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.
>
> C. Notwithstanding Paragraph A of this Article, **if a pleading or order sets a court date, then service shall be made either by registered or certified mail or as provided in Article 1314, or by actual delivery by a commercial courier.** [Emphasis added.]

Louisiana Code of Civil Procedure article 1313(A) allows service of most post-petition pleadings by regular mail or by electronic means, "[e]xcept as otherwise provided by law," subject to an express exception in La. C.C.P. art. 1313(C) for pleadings or orders setting a court date, which *must* be served by registered or certified mail, by sheriff, or actual delivery by a commercial courier.

4

See **Kingdom Builders Cmty. Dev. Corp. v. Louisiana Bd. Of Elementary & Secondary Educ.**, 2017-0695 (La. App. 1st Cir. 11/01/17), 233 So. 3d 94, 96. The purpose of La. C.C.P. art. 1313(C) is to fulfill the due process requirements under the Louisiana and United States Constitution, and should be strictly construed. See U.S. Const. Amend. 14; La. Const. Art. I, § 2; La. C.C.P. art. 1313. See also **Adair Asset Management, LLC/US Bank v. Honey Bear Lodge, Inc.**, 2012-1690 (La. App. 1st Cir. 2/13/14), 138 So. 3d 6, 11-12.

A judgment rendered against a defendant who has not been properly served and has not entered a general appearance is absolutely null due to a vice of form. La. C.C.P. arts. 1201(A) and 2002(A)(2); **Tunnard v. Simply Southern Homes, L.L.C.**, 2007-0945 (La. App. 1st Cir. 3/26/08), 985 So. 2d 166, 168. An absolutely null judgment for a vice of form under La. C.C.P. art. 2002(B) may be raised by any interested person at any time, before any court, and through a collateral proceeding, such as a contradictory motion or rule. **Adair**, 138 So. 3d at 11. Generally, a party attacking citation and service must prove by a preponderance of the evidence that there was lack of service of process. See **Roper v. Dailey**, 393 So. 2d 85, 88 (La. 1980).

Given the evidence in the record, this court finds that Defendants failed to properly serve notice of the August 25, 2017 hearing on Mr. Butler as required under La. C.C.P. art. 1313(C). In the instant case, the only notice of the August 25, 2017 hearing contained in the record indicates that a "Notice of Hearing" was sent by the Clerk of Court of St. Helena Parish via regular mail to the address of Plaintiff's counsel. There is no evidence in the record of service by registered or certified mail as opposed to regular mail, nor service by sheriff or actual delivery by a commercial courier. Here, neither Mr. Butler nor his counsel appeared at the hearing on Defendants' motion for attorney's fees and costs, and nothing in the record suggests any waiver by Mr. Butler of the formal service requirements. As service of process

on Mr. Butler was not made as required by law, the district court's August 25, 2017 judgment granting Defendants' motion and awarding attorney's fees and costs is an absolute nullity.[3] La. C.C.P. arts. 1201(A) and 2002(A)(2); **Kingdom Builders**, 233 So. 3d at 96-97. Accordingly, we pretermit discussion of Plaintiff's remaining assignments of error.

## DECREE

For the foregoing reasons, the August 25, 2017 judgment granting Defendants' motion for attorney's fees and costs and ordering Mr. Butler to pay Defendants $55,551.85 in attorney's fees and costs is vacated as an absolute nullity,

---

[3] Mr. Butler also argues that service of process could not have been effectuated because the only notice of the August 25, 2017 hearing was mailed to the address of his disbarred attorney, Michael Thiel. However, this argument has no merit because of the presence of Mr. Butler's second attorney, Ms. Ponthieu. Unless an attorney is making a limited appearance, the filing of the initial petition constitutes enrollment and no further notice of enrollment is needed. See La. Dist. Ct. Rule 9.12—Comments (Paragraph 2). Counsel of record remains enrolled until a matter is concluded or the court has granted the attorney permission to withdraw—a formal motion is required to do so. See La. Dist. Ct. Rule 9.13 and Rule 1.16(c) of the Rules of Prof. Conduct. Until such a withdrawal, counsel of record maintains a continuing obligation to the court, opposing counsel, and most importantly, their client. See **Smith v. Leblanc**, 2006-0041 (La. App. 1st Cir. 8/15/07), 966 So. 2d 66, 75. Ensuring who is the proper counsel of record and the addresses of counsel is not the responsibility of the court. See **Jones v. Rodrigue**, 2000-0900 (La. App. 1st Cir. 11/3/00), 771 So. 2d 275, 281.

It is well settled that notice to an attorney of record is notice to the client. **Jones**, 771 So. 2d at 281. The fact that a party fails to receive notice from their counsel of record cannot be attributed to the district court—especially when the attorney has failed to communicate any changes in representation to the court. **Jones**, 771 So. 2d at 281. This court has also held that even when there is no evidence of partnership, when two attorneys' addresses are the same, service to the listed address is proper service. See **Franklin v. Franklin**, 470 So. 2d 634, 638 (La. App. 1st Cir. 1985).

In the instant case, and prior to the enrollment of Robert J. Carter as counsel for Mr. Butler, Ms. Ponthieu signed all pleadings on behalf of Mr. Butler, a majority with the address listed as 200 S. Oak Street, Hammond, Louisiana. Additionally, on two occasions, Ms. Ponthieu signed her name with the heading, "The Law Office of Michael Thiel." Thus, when the Clerk of Court sent a "Notice of Hearing" of the August 25, 2017 court date via regular mail to all counsel of record, the record indicates that it was mailed to The Law Office of Michael Thiel, 200 S. Oak Street, Hammond Louisiana. Because Mr. Thiel and Ms. Ponthieu's addresses are the same, service to 200 S. Oak Street, Hammond, Louisiana in accordance with La. C.C.P. art. 1313(C) would have been proper service, despite Mr. Thiel's disbarment. See **Franklin**, 470 So. 2d at 638. Ms. Ponthieu has yet to file a notice of withdrawal, and as such, she remains counsel of record for Mr. Butler. Additionally, she has not communicated any changes in her address to the district court, both of which are mandatory under the Louisiana District Court Rules and the Rules of Professional Conduct. The imprisonment, disbarment, and as such, involuntary withdrawal of Mr. Thiel would have been considered an exceptional circumstance had Mr. Butler hired no other attorney. However, given the enrollment and virtually sole participation of Ms. Ponthieu on this case, we find that had service on Ms. Ponthieu been made in accordance with La. C.C.P. art. 1313(C) at her address of record, it would have been proper.

and this matter is remanded to the district court for further proceedings. Costs of this appeal are assessed to Defendants, Reverend Richard Sandberg and The Moral Alliance of St. Helena.

**AUGUST 25, 2017 JUDGMENT VACATED; REMANDED.**