MURPHY, J.
11 Appellant, Cynthia Cannatella Water-meier, appeals the trial court judgment sustaining an Exception of Lis Pendens. For the reasons that follow, we reverse the sustaining of the exception and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
Ms. Watermeier married the decedent, Anthony Cannatella, Sr., on February 14, 1981. One son, Andrew Cannatella, was born of that marriage. On May 12, 2010, Ms. Watermeier filed for divorce in the 24th Judicial District Court in docket number 687-358, Division “L” in a suit entitled Cynthia Dufour Cannatella v. Anthony Wayne Cannatella, Sr., hereinafter referred to as the divorce proceeding. The parties were divorced by a judgment dated December 1, 2010. Anthony, Sr. died testate on December 31, 2010, before the community property of the marriage could be partitioned. After decedent’s death, the executor of the succession filed a motion to *1009 dismiss the divorce proceedings. The motion to dismiss was granted.
Ms, Watermeier appealed claiming the trial court erred in granting a divorce based on the parties having lived separate and apart for 180 days pursuant to La. C.C. art. 103(1). On appeal, this Court upheld the divorce but found that the trial court erred in granting the divorce pursuant to article 103(1). Cannatella v. Cannatella, 11-618 (La. App. 3/13/12), 91 So.3d 393. This court found the evidence established that the divorce should have been granted on the basis of adultery pursuant to La. C.C. art. 103(2). Ms. Watermeier also argued that the trial court erred in dismissing the divorce proceedings since her pending motions for partition of the community property and claims for reimbursement were not extinguished by decedent’s death. This Court agreed, holding that while many of Ms. Watermeier’s claims were moot, “some outstanding motions, such as claims pertaining to community property and reimbursement, that can [sic] properly go forward in the divorce proceedings.” Thereafter, certain matters, such as a ^determination as to the owner of decedent’s retirement account, were decided in the divorce proceeding. However, the community property was never partitioned and claims for reimbursement were not adjudicated. .
On January 4, 2011, Ms. Watermeier filed a Petition Requesting Notice of Application for Appointment of Succession Representative in the. 24th Judicial District Court in docket number 696-516, Division “P”, hereinafter referred to as the succession proceeding. On January 7, 2011, a Petition for Probate of Statutory Testament, and for Appointment of Testamentary Executor was filed in the succession proceeding. Decedent’s brother, Joseph Cannatella, Jr. was appointed executor. During the pendency of these proceedings; Joseph, Jr. died, and decedent’s son from a prior marriage, Anthony Cannatella, Jr., was named administrator of the succession.
On January 18, 2011, Ms. Watermeier filed a Petition for Intervention in the succession proceeding alleging that certain property of the decedent was actually community property of which one-half is owned by Ms. Watermeier and not subject to inheritance. On March 4,2011, Ms. Wat-ermeier filed a Petition for Ancillary Relief and a Temporary Restraining Order requesting, among other things, that she be granted continued use of the family home along with all movables in the home. The succession filed exceptions to the petition of intervention and to the petition for ancillary matters. On May 3, 2011, the executor of the succession filed a Motion for Summary Judgment claiming he was entitled to possession of all movable and immovable succession property that decedent had an interest in at the time of his death. On November 15, 2011, Ms. Watermeier filed a Petition to Annul the Probated Testament. On December 9, 2011, the trial court continued the hearing on the motion for summary judgment and exceptions without date. The hearing on these motions was continued several times during 2012 and 2013.
lijOn June 3, 2013, Ms. Watermeier filed a Motion for Reimbursement of Expenses. In that motion, Ms. Watermeier alleged that since the succession has been opened, she has been responsible for paying all of the bills for maintenance and repairs, utilities, insurance, and property taxes on the immovable property located at 1712 Harvard Avenue in Metairie. She alleged that because decedent was a co-owner of the property, .the succession is liable for one-half of these expenses. On June 13, 2013, the succession filed an Exception of Lis Pendens arguing that the claims made by *1010 Ms. Watermeier for reimbursement were already pending in the divorce proceeding. On January 2, 2014, Ms. Watermeier filed an opposition to the exception of lis pen-dens. On January 8, 2014, the hearing on all pending motions was continued without date.
On September 14, 2015, Ms. Watermeier filed an Amended Motion for Reimbursement of Expenses alleging that since the succession has been opened, she has been responsible for paying all of the bills for maintenance and repairs, utilities, insurance, and property taxes on the immovable property located at 1712 Harvard Avenue in Metairie. In addition, she alleged that she paid certain attorney fees, medical bills, student loans, and an income tax liability incurred prior to decedent’s death, as well as utilities and taxes on a camp located in Washington Parish. On October 27, 2015, the succession filed another Exception of Lis Pendens arguing that the court had continued all pending rules without date pending a full and final partition of the community of acquits and gains existing between Ms. Wateimeier and decedent.
Following a hearing on the exception[1] of lis pendens, judgment was rendered sustaining the exception of lis pendens and staying all matters in the succession proceeding “pending a full and final partition of the community of Lacquits and gains.” In reasons for judgment, the trial court explained that before it can be determined if Ms. Watermeier is entitled to any reimbursement, the court in the divorce proceeding must first determine which liabilities are classified as community.
This court denied Ms. Watermeier’s writ application seeking supervisory review[2] of the grant of the Exception of Lis Pendens, stating that Ms. Watermeier “has an adequate remedy on appeal.” Succession of Cannatella, 16-114 (La. App. 5 Cir. 3/15/16), unpublished writ disposition. In following the dictates of this Court, Ms. Watermeier timely filed the instant appeal. Pursuant to La. C.C.P. art. 2164, which gives this Court the authority to render any judgment which is “just, legal, and proper upon the record on appeal,” we will address the issues raised in the briefs and remand with specific instructions regarding resolution of these issues.
LAW AND DISCUSSION
La. C.C.P. art. 581 provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
In order to prevail on an exception of lis pendens pursuant to La. C.C.P. art. 531, a defendant must prove: (1) that two or more suits are pending in a Louisiana court or courts, (2) that the two or more suits arise out of the same transaction or *1011 occurrence, and (3) that the two or more suits are-between the same parties in the same capacities. Black v. Exxon Mobil Corp., 14-524 (La.App. 5 Cir. 11/25/14), 165 So.3d 1013.
[KIn the instant case, the two suits are: (1) a divorce proceeding pending in the 24th Judicial District Court in docket number 687-358, Division “L” entitled Cynthia Dufour Cannatella v. Anthony Wayne Cannatella, Sr., and (2) a succession proceeding also pending in the 24th Judicial District Court in docket number 696-516, Division “P” entitled Succession of Anthony Cannatella, Sr. The “transaction or occurrence” in the divorce proceeding is for divorce and partition of the former community. The “transaction or occurrence” in the succession proceeding is to probate the succession. The two parties in the divorce proceeding are Ms. Water-meier, in her capacity as a former spouse and Anthony Cannatella, Jr. as administrator of the succession of the deceased former spouse. The parties in the succession proceeding are Ms. Watermeier, in .her capacity as a creditor of the succession, Anthony Cannatella, Jr. as administrator of the succession and as legatee, Andrew Cannatella as a legatee, and Diane Canna-tella as a legatee. Hence, although two suits are pending involving Ms. Watermeier and Anthony Cannatella, Jr., the suits do not involve the same transaction or occurrence, nor do they involve the same parties in the same capacities. In addition, there are two additional parties in the succession proceeding, who are not parties in the divorce proceeding. Accordingly, the trial court erred in sustaining the Exception of Lis Pendens.
In her brief, Ms. Watermeier argues that there is nothing remaining of the former community to be partitioned. This is an erroneous statement. Our review of the record indicates that the former community, which consisted of several * bank accounts, numerous movables, and two pieces of immovable property, does have assets and needs to be partitioned. In Cannatella v. Cannatella, supra, this Court held that there were “outstanding motions, such as claims' pertaining to community property and reimbursement, that can properly go forward in the divorce proceedings.” This opinion, which was rendered on March 13, 2012, in essence [^instructed the parties to partition the community and address reimbursement claims for expenses that occurred prior to the termination of the community. It is unclear from the record why the former community has not been partitioned and why the claims for reimbursement of expenses that occurred prior to the termination of the community have not been addressed. As Judge Faulkner correctly stated in the reasons for judgment in the succession proceeding, “Ms. Watermeier’s pending community property claims did not abate upon Decedent’s death.” Judge Faulkner correctly explained that before claims for reimbursement can be adjudicated, the determination of which liabilities are community must be determined in the divorce proceeding.
■ In the Motion for Reimbursement of Expenses filed on June 3, 2013, Ms. Wat-ermeier alleged that since the succession has been opened she has been responsible for paying all of the bills for maintenance and repairs, utilities, insurance, and property taxes of the immovable property located at 1712 Harvard Avenue in Metairie. She alleged that because decedent was a co-owner of the property, the succession is liable for one-half of these expenses. This claim for reimbursement was correctly filed in the succession proceeding and should be adjudicated by Judge Faulkner in the succession proceeding, along with *1012 any ciatos the succession may have for rent due from Ms. Watermeier.
In the Amended Motion for Reimbursement of Expenses, filed in the succession proceeding on September 14, 2015, Ms. Watermeier again alleged that since the succession has been opened she has been responsible for paying all of the bills for maintenance and repairs, utilities, insurance, and property taxes on the immovable property located at 1712 Harvard Avenue in Metairie. In addition, she alleged that she paid certain attorney fees, medical bills, student loans, and an income tax liability incurred prior to the termination of the community, as well as utilities and taxes on a camp located in Washington Parish. The claims for 17reimbursement of expenses she alleges were incurred after the termination of the community and after the succession was opened, i.e. claims for maintenance and repairs, utilities, insurance, and property taxes on the immovable property located at 1712 Harvard Avenue in Metairie, must be adjudicated in the succession proceeding. However, the claims for attorney fees, medical bills, student loans, income tax liability, and expenses related to the Washington Parish property all of which accrued prior to the termination of the community must be adjudicated in the divorce proceeding along with the partition of the community property.
Louisiana Code of Civil Procedure article 532 provides that a stay of proceedings may be ordered when an exception of lis pendens is granted when one suit is pending in a Louisiana court while another is pending in a court of another state or in federal court. In this case both of the suits were pending in Louisiana state courts, thus the trial court could not stay proceedings in the second suit, i.e., the succession proceeding, based on the grant of the exception of lis pendens. La. C.C.P. art. 531; Shirer v. Exxon Corp., 542 So.2d 696, 698, (La. App. 4 Cir. 1989); Robertson v. Aetna Cas. & Sur. Co., 232 So.2d 829, 831, (La. App. 4 Cir. 1970). Accordingly, the stay of proceedings, which was improperly ordered by the trial court, is lifted.
In order to properly adjudicate the claims for reimbursement, the trial judge in the succession proceeding must use his discretion in setting Ms. Watermeier’s claim for reimbursement of expenses and any claims for rent the succession may have, all of which were incurred after the termination of the community, to allow the trial judge in the divorce proceeding time to partition the community. Once the assets and liabilities of the community are identified in the divorce proceeding, the decedent’s one-half of the community can be determined. Ms. Watermeier’s claims for reimbursement which arose prior to the termination of the community can then be adjudicated, and the community can be partitioned. At that point, Ms. | sWatermeier’s claims for reimbursement of expenses paid after the termination of the community can be adjudicated in the succession proceeding. Once the Ms. Wat-ermeier’s claims for reimbursement and any claims of the succession against Ms. Watermeier are adjudicated, the heirs can be placed in possession of the property they inherited in the succession and this “simple succession,” which has been pending for six years, can be closed.
CONCLUSION
For the foregoing reasons, the judgment dated February 1, 2016 sustaining the Exception of Lis Pendens is reversed and set aside. Any remaining stay of proceedings is lifted. This matter is remanded to the trial court for proceedings consistent with this opinion[3].
*1013 REVERSED AND REMANDED WITH INSTRUCTIONS.
JOHNSON, J., CONCURS WITHOUT REASONS.
LILJEBERG, J, CONCURS WITHOUT REASONS.

. Although two exceptions of lis pendens were filed, the reasons for judgment indicate that the court considered and ruled on the exception of lis pendens filed on October 27, 2015 in response to the Amended Motion for Reimbursement of Expenses filed on September 14, 2015.

. This Court granted Ms. Watermeier’s request for supervisory review of the order to stay all proceedings in the succession suit, lifting the stay in part ‘‘as to the right of an interested party to seek an accounting of the succession or to seek the removal of the succession representative.” Succession of Cannatella, 16-117 (La. App. 5 Cir. 3/15/16), unpublished writ disposition.

. Appellee filed an Answer to the Appeal seeking damages for a frivolous appeal. This Court did not deem the appeal, frivolous having reversed the trial court judgment, thus appel-lee's claim is denied.