| | | |
|---|---|---|
| **TAREN DAVID TURNER** | * | **NO. 2025-CA-0132** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **RENEE LECOLE TURNER** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 68-393, DIVISION "A"
Honorable Kevin D. Conner, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Monique G. Morial)

Michele C. Stross
SOUTHEAST LOUISIANA LEGAL SERVICES
401 Whitney Avenue
Suite 520
Gretna, LA 70056

COUNSEL FOR DEFENDANT/APPELLANT

**REVERSED**
**OCTOBER 1, 2025**

In this divorce proceeding, appellant, Renee Lecole Turner ("Ms. Turner"), appeals the district court's January 6, 2025 default judgment of divorce. For the reasons discussed herein, we reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Ms. Turner and Taren David Turner ("Mr. Turner") were married on or about October 19, 2013. The parties resided in Plaquemines Parish. On August 31, 2023, Mr. Turner filed a petition for divorce pursuant to La. C.C. art. 103(1). Mr. Turner's petition asserted that the parties separated on July 5, 2023 and that there were two minor children of the marriage.

On January 6, 2025, the district court signed a default judgment. Thereafter, on February 11, 2025, Ms. Turned moved for a devolutive appeal. This appeal timely follows.

## DISCUSSION

In her sole assignment of error, Ms. Turner asserts that the district court lacked subject matter jurisdiction to grant a divorce under La. C.C. art. 103(1) because the required 365-day separation period had not elapsed before filing.

"Whether a court has subject matter jurisdiction is reviewed on appeal under the *de novo* standard of review." *Catrambone v. Liotta*, 2024-0456, p. 6 (La. App. 4 Cir. 2/14/25), 414 So.3d 686, 691, *writ denied*, 2025-00321 (La. 5/29/25), 410 So.3d 146 (quoting *Lassalle v. Napoleon*, 2022-0460, p. 4 (La. App. 4 Cir.

1

12/20/22), 356 So.3d 74, 77). Subject matter jurisdiction is a court's legal authority to hear and determine a particular class of actions or proceedings, based on the nature of the claim, such as the object of the demand, the amount in controversy, or the value of the right asserted. *Catrambone*, 2024-0456, p. 7, 414 So.3d at 691 (citing *Lassalle*, 2022-0460, p. 4, 356 So.3d at 77). A judgment rendered by a court that does not have subject matter jurisdiction over the action or proceeding is void. La. C.C.P. art. 3.

Louisiana Civil Code article 103 provides:

Except in the case of a covenant marriage, a divorce shall be granted on the petition of a spouse upon proof that:

(1) The spouses have been living separate and apart continuously for the requisite period of time, in accordance with Article 103.1, or more on the date the petition is filed.

(2) The other spouse has committed adultery.

(3) The other spouse has committed a felony and has been sentenced to death or imprisonment at hard labor.

(4) During the marriage, the other spouse physically or sexually abused the spouse seeking divorce or a child of one of the spouses, regardless of whether the other spouse was prosecuted for the act of abuse.

(5) After a contradictory hearing or consent decree, a protective order or an injunction was issued during the marriage against the other spouse to protect the spouse seeking the divorce or a child of one of the spouses from abuse.

Pursuant to La. C.C. art. 103.1, the requisite periods of time, in accordance with La. C.C. arts. 102 and 103 is 180 days when the parties do not have any minor children born of the marriage and 365 days when the parties have minor children born of the marriage at the time a petition is filed.

2

In *Cannatella v. Cannatella*, 2011-618 (La. App. 5 Cir. 3/13/12), 91 So.3d 393, the court determined whether the trial court had the authority to grant a divorce pursuant to La. C.C. art. 103(1). The plaintiff asserted that the trial court erred in granting a divorce pursuant to Article 103(1) because neither party had filed for a divorce based on Article 103(1) and the evidence did not show that the requirements for such a divorce were met. *Cannatella*, 2011-618, pp. 4-5, 91 So.3d at 395. The court noted that the parties had one child born of the marriage and the child was a major at the time the petition was filed. *Id.* at p. 5, 91 So.3d at 396. The court explained that "[t]he legislature clearly intended that parties could receive an immediate La. Civ.Code art. 103(1) divorce upon proof that they had been living separate and apart continuously for a period of six months or more ***on the date the petition is filed.***" *Id.* at p. 6, 91 So.3d at 396 (quoting *Parker v. Parker*, 95-1373, p. 4 (La. App. 3 Cir. 4/3/96), 671 So.2d 1143, 1145) (Emphasis in original).

The court noted that the parties physically separated on March 29, 2010 and the plaintiff filed her petition for divorce on May 12, 2010. The court held that the trial judge lacked authority to grant a divorce under Article 103(1) because the parties had not lived separate and apart for the requisite 180 days on the date the petition was filed. *Id.* at p. 6, 91 So.3d at 396.

In the present matter, Ms. Turner argues that the district court lacked subject matter jurisdiction to grant a divorce. We disagree. "The Louisiana Code of Civil Procedure article 10 provides that a Louisiana [district] court has jurisdiction over a divorce action, if at the time of filing, one or both of the spouses are domiciled in Louisiana." *Catrambone*, 2024-0456, p. 7, 414 So.3d at 691. The parties resided in Plaquemines Parish and separated on July 5, 2023. Mr. Turner filed a petition for divorce pursuant to Article 103(1) on August 31, 2023. Mr. Turner's petition

reflects that there were two minor children of the marriage. Here, it is evident on the face of the petition that the parties did not live separate and apart for the requisite period of 365 days; thus, Mr. Turner's petition was premature under La. C.C. arts. 103(1) and 103.1(2). Therefore, we find that the district court erred in granting a default judgment of divorce.

## CONCLUSION

For the foregoing reasons, we reverse the district court's January 6, 2025 default judgment of divorce.

**REVERSED**